# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

HARVEY ANTHONY EPPS, )
)
    Plaintiff, )
)
v. )
) Case No. CV416-100
JEFFREY S. HEIN, Jail )
Administrator and LISA BOYD, Asst. )
Jail Administrator, )
)
    Defendants. )

## ORDER

In a previous Order, the Court allowed *pro se* plaintiff Harvey Epps to amend his 42 U.S.C. § 1983 Complaint against two Liberty County Jail employees to include facts bearing on (1) the sincerity of his professed Rastafarian religious beliefs, and (2) his nutritious diet deprivation claim. *See Epps v. Hein*, 2016 WL 3208950 at * 7 (S.D. Ga. June 7, 2016) (greenlighting, if Epps adequately amended, Religious Land Use and Institutionalized Persons Act (RLUIPA) and § 1983-deliberate indifference claims).

In response, Epps states that he has "practice[d] Rastafarian for the past ten years," and that "documents in other jails" will confirm that

allegation. Doc. 7 at 1. He outlines the purpose of the diet (to "stay pure, natural, and clean for the body is the temple of Jah"), and says that "to show . . . sincerity in the religiosity of the Rastafarian beliefs [he] ha[s] been trading off [his] food portions that don't" adhere to his dietary restrictions. *Id.* Nevertheless, he at times is "forced to eat something" outside the diet "when no one wants to trade." *Id.*

It is the attempt to adhere to the Rastafarian diet in the face of defendants' refusal to provide one that Epps insists deprives him of adequate nutrition. Doc. 7 at 1. Because much of the food served is not "kosher," Epps eats only what he must "to have something in [his] stomach" when trades for kosher food fail to materialize. *Id.* Doing so results in a "lack of subsistence and proper portion meals." *Id.*

As the Court made clear in its previous Order, RLUIPA provides that:

> '[n]o government shall impose a substantial burden on the religious exercise' of prisoners 'unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.' 42 U.S.C. § 2000cc–1(a). To succeed on a claim under RLUIPA, a plaintiff must first establish a *prima facie* case. To establish a *prima facie* case under RLUIPA, a plaintiff must demonstrate (1) that he engaged in a religious

exercise; and (2) that the religious exercise was substantially burdened. *Smith v. Allen*, 502 F.3d 1255, 1276 (11th Cir. 2007).

* * *

The Supreme Court has cautioned that it is 'not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretation of those creeds.' *Hernandez v. C.I.R.*, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989). Thus, RLUIPA defines 'religious exercise' broadly to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.' 42 U.S.C. § 2000cc–5(7)(A). 'Although RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion . . . the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity.' *Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). Therefore, to be protected, a plaintiff must show that the practice he wishes to engage in is both sincerely held and rooted in religious belief.

*Benning v. Georgia*, 864 F. Supp. 2d 1358, 1363 (M.D. Ga. 2012).

So, while "the truth of a belief is not open to question," courts can determine "whether the objector's beliefs are truly held." *Gillete v. United States*, 401 U.S. 437, 457 (1971) (quotes omitted); *see also Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (inmate "failed to demonstrate that he sincerely believe[d] that a Kosher diet is important to the free exercise of his religion" because defendants presented evidence showing he regularly purchased non-kosher items from the prison canteen). But courts must "also recognize that

3

'sincerity' is a concept that can bear only so much adjudicative weight." *Id.* Particularly on preliminary review, then, the Court must take as true Epps' sincerity allegations absent anything contrary in the record.

No such contrary evidence exists, for now. Consequently, the Court greenlights Epps' RLUIPA claim based on the prison's denial of his Rastafarian diet.

His nutritious diet claim is another story. The Court accepts that Epps' attempts to keep a Rastafarian diet results in nutritional deprivation because the prison refuses to provide him religiously acceptable food. Nevertheless, he pleads no facts, even after a chance to amend, that suggest defendants were deliberately indifferent. He shows no subjective knowledge by defendants that he had less to eat than he should, and nothing indicates defendants disregarded that non-existent knowledge. *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010). Epps' nutritional deprivation claim, like his dental deprivation and sanitary conditions claims, *see Epps*, 2016 WL 3208950 at * 7, thus fails.

4

Because one claim (RLUIPA) survives preliminary review and Epps proceeds *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Accordingly, the Clerk is **DIRECTED** to forward a copy of Epps' complaint (doc. 1); the Court's first preliminary review Order (doc. 6); Epps' Amended Complaint (doc. 7); and this Order to the Marshal for service upon all defendants. In most cases, the Marshal will first mail a copy of the relevant documents to a defendant by first-class mail and request that each defendant waive formal service of the summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Defendants have a duty to avoid unnecessary costs of serving the summons, and if they fail to comply with the waiver request, they must bear the costs of personal service unless good cause can be shown. Fed. R. Civ. P. 4(d). A within-district defendant who timely returns the waiver is not required to answer the complaint until thirty days after the date that the Marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**SO ORDERED**, this  17th   day of August, 2016.

_/s/ J.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA