# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HARVEY ANTHONY EPPS, | ) |
| Plaintiff, | ) |
| v. | ) CV416-100 |
| JEFFREY S. HEIN, Jail Administrator; LISA BOYD, Assistant Jail Administrator, | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Defendants move for summary judgment on plaintiff Harvey Anthony Epps' 42 U.S.C. § 1983 and Religious Land Use and Institutionalized Persons Act (RLUIPA) Complaint. Docs. 16-18. No opposition has been filed.[1]

## I. BACKGROUND

Plaintiff was incarcerated at Liberty County Jail (LCJ) at the time of the incidents alleged in the Amended Complaint. Doc. 7. He complains that, as a practicing Rastafarian, he must have a special diet

---

[1] Epps has filed a "motion to dismiss [defendants' motion for] summary judgment," explaining that he has been moved out of state and would therefore ask the Court to "dismiss" the pending motion and "postpone any hearing" on the case. Doc. 23. He offers no argument opposing the motion, however. *See id.*

(to "stay pure, natural, and clean for the body is the temple of Jah"), and that he was repeatedly "forced to eat something" outside the diet when he was unable to trade appropriate items with other prisoners. *Id.* at 1. Epps' request for a special diet was granted mere days after making it in February 2016, doc. 18 (defendants' statement of material facts) at ¶ 3; doc. 16 Exh. A (affidavit of Major Jeffrey Hein) at ¶¶ 8-9, but terminated two weeks later based on his commissary purchases of "items that were not consistent with the special diet he claimed was required by his religious beliefs." Doc. 18 at ¶¶ 4-5; doc. 16 Exh. A at ¶¶ 10-12.

Plaintiff then filed suit, alleging violations of the RLUIPA and 42 U.S.C. § 1983. *See* doc. 1 (filed May 2016). Since that time he has been transferred out of LCJ and is currently being detained in a facility in Vermont with no plans to return to LCJ. Doc. 18 at ¶¶ 7-9; doc. 16 at Exh. A at ¶¶ 13-15 & Exh. B (affidavit of Captain Lisa Boyd) at ¶¶ 7-9.

## II. ANALYSIS

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

Court determines only whether there is a genuine issue for trial and, in doing so, must liberally construe plaintiff's filings because he is a *pro se* prisoner. *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)); *see also Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty.*, 630 F.3d 1346, 1353 (11th Cir. 2011) (a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party).

In his Amended Complaint (*see* doc. 7) Epps asserts only a claim for injunctive relief[2] against LCJ (to force LCJ to provide him with a diet appropriate to his religious convictions).[3] *Davila v. Marshall*, 649

---

[2] Epps sought monetary damages in his initial Complaint (*see* doc. 1 at 9), which has been supplanted by his Amended Complaint which seeks none. *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

[3] The RLUIPA protects "any exercise of religion, whether . . . compelled by, or central to, a system of religious belief[.]" 42 U.S.C. § 2000cc-5(7)(A). The Act does not, however, authorize claims for monetary damages against prison officials in their individual *or* official capacities. *See Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (RLUIPA did not "creat[e] a private action against individual defendants for monetary damages"); *Sossamon v. Texas*, 563 U.S. a277, 293 (2011) (a suit against defendants in their official capacity is in effect a suit against the state, and the

3

F. App'x 977, 980 (11th Cir. 2016). It is further undisputed that he has since been transferred out of LCJ and to another (out-of-state) facility. Doc. 18 at ¶¶ 7-9; doc. 16 at Exh. A at ¶¶ 13-15 & Exh. B at ¶¶ 7-9; doc. 23 (defendant's own admission that he has been transferred out of state). And "a prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred." *Davila*, 649 F. App'x at 979-80; *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) ("an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). As no material issue of fact remains available for trial, this case is moot.

## III. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that defendants' motion for summary judgment (doc. 16) be **GRANTED,** plaintiff's motion to dismiss defendants' motion for summary judgment (doc. 23) be **DENIED,** and his case be **DISMISSED WITH PREJUDICE**. This Report and Recommendation (R&R) is submitted to the district judge

---

"States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA").

4

assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __20th__ day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA